**Dated: November 30, 2010**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
MIQUEL THOMAS MORRISON                    Case No. 08-81186-TRC
HOLLYE JAN MORRISON,                       Chapter 13

      Debtors.

ORDER DENYING MOTION TO CONVERT TO CHAPTER 7
AND SETTING DEADLINE FOR PAYMENT OF TAXES

On November 4, 2010, there came on for evidentiary hearing Trustee's Motion to Convert

to Chapter 7 (Docket Entry 98), and Debtor's Objection (Docket Entry 107). Appearing before this

Court were Richard W. Walden for Standing Chapter 13 Trustee William Mark Bonney, Jimmy

Veith for Debtors, and William Mark Bonney, Standing Chapter 13 Trustee. At the conclusion of

the hearing, the Court took this matter under advisement. The Court herein enters its findings of

fact and conclusions of law in conformity with Fed. R. Bankr. P. 7052. This Court has jurisdiction

over this matter pursuant to 28 U.S.C. § 1334(b), and this matter is a core proceeding pursuant to 28

U.S.C. § 157(b). It is this Court's determination that the Motion to Convert to Chapter 7 should be

denied at this time, and Debtors shall be directed to pay the balance due on post-petition taxes on or before January 15, 2011. If Debtors fail to comply with the terms of this Order as directed, the Court shall dismiss or convert this case to Chapter 7 without further notice or hearing.

## FINDINGS OF FACT

Debtors filed this bankruptcy on September 9, 2008. They own and operate a liquor store in Ardmore, Oklahoma. Mr. Morrison also works full-time for the Plainview School District as bus driver and custodian. Their Chapter 13 Plan was confirmed by this Court on January 20, 2009. This plan included payments for sales taxes to the Oklahoma Tax Commission ("OTC") totaling $42,379.81. On June 18, 2009, the Trustee filed a Motion to Dismiss for failure to provide requested documents, including sales and payroll tax returns for 2008, and monthly operating reports. The OTC supported the Motion to Dismiss, citing sales taxes and interest due as of October 31, 2009, of $30,280.26. The parties agreed to settle the dismissal issue by Debtors filing a modified plan with increased payments sufficient to pay for an accounting service to prepare operating reports and tax returns, and to allow Debtors to pay all post-petition tax liabilities, plus interest, to the OTC within twelve months (Docket Entry 80). Failure to abide by the terms of the settlement would entitle the Trustee to submit an ex parte order dismissing Debtors' bankruptcy. The confirmed modified plan does not provide for payment on any unsecured debt of approximately $130,000.

The Trustee filed a second Motion to Dismiss on April 9, 2010, (Docket Entry 88), for Debtors' failure to amend their 2006 tax return. Debtors did amend so the Trustee's Motion was withdrawn (Docket Entries 91 and 92).

The Motion to Convert to Chapter 7 was filed September 22, 2010, alleging that Debtors had failed to properly manage their business post-petition, and had not paid all sales taxes due. During

the evidentiary hearing, the Trustee stated that bankruptcy was caused by Mrs. Morrison's ill health, which resulted in her being away from liquor store and entrusting its operation to employees. Debtors believe that approximately $60,000 in sales was not accounted for during Mrs. Morrison's absence. The Trustee testified that Debtors owed approximately $100,000 in taxes at the petition date. This amount was reduced by approximately $18,000 after Debtors amended their 2006 return. Based upon information supplied to the Trustee by the OTC, the Trustee testified that Debtors have not paid post-petition taxes as required pursuant to the Agreed Order Denying the Motion to Dismiss, and have incurred additional sales tax obligations. Although Debtors are current with their plan payments, he stated that the OTC is owed post-petition sales taxes of approximately $41,000, including interest and penalties, that OTC supports the Motion to Convert, and that Debtors have only paid approximately $9,000 towards the post-petition taxes.

The Trustee cited other reasons supporting his motion to convert. Debtors have incurred charges to their bank account for insufficient funds. Trustee also believes they have poor inventory tracking procedures, problems with cash flow, poor record-keeping, including lack of detail to explain the numerous cash withdrawals. Debtors are also making purchases through Pay-Pal, which are undocumented. The Trustee stated that if converted, the Chapter 7 Trustee could operate the store through the end of the year, then liquidate the remaining inventory. He estimated that the inventory could be liquidated at 80 to 90¢ on the dollar of the wholesale value of the store's inventory. In a Chapter 7 liquidation, the Trustee believed that administrative expenses from the Chapter 13 would be paid first, including post-petition tax claims, before any pre-petition obligations. However, if converted, Debtors would discharge the pre-petition tax debt. If Debtors are allowed to operate the liquor store through the end of the year, he fears that they will not use cash

proceeds to pay their sales tax. He cited their assurances in November and December of 2009 that they would pay post-petition sales taxes in full with proceeds from holiday sales. This was not done. Although Debtors are making their Chapter 13 plan payments and paying pre-petition taxes, they are doing so at the expense of post-petition taxes. Thus, in the Trustee's opinion, they are making no progress in their Chapter 13 case.

Mrs. Morrison testified that she and her husband have been in the liquor store business for 29 years. She has lupus, but is able to work at the store. Otherwise, she is unemployable, and depends upon the liquor store to provide another income. If the store was closed, she would be forced to apply for social security disability. She and her husband are current with their plan payments, as well as their mortgage, which is being paid outside the plan. If the case is converted, she would lose the income from the store, making it likely that they would lose their home since her husband's income is insufficient to support them.

The liquor store business is seasonal, with the majority of sales occurring in November and December. She estimated that gross sales for their store in November and December would be $200,000. If the case remains in Chapter 13 and they are allowed to continue to operate the store, she believes there is sufficient inventory to last through the holidays and generate sales to allow them to pay all post-petition sales taxes by January 15, 2011, as well as stay current with plan payments. Due to problems caused by her absence from the store while she was ill, suppliers now require payment for inventory in cash upon delivery. She stated that all of the cash withdrawals from their bank account are going to pay for inventory, and that she has receipts for inventory purchased with the cash. She admitted that she and her husband agreed to pay post-petition taxes with proceeds from November and December of 2009 sales in order to avoid dismissal of their case, but that they had

not fulfilled that promise. Instead, they have only partially fulfilled their responsibility to pay post-petition taxes, and have used proceeds to increase the store's inventory from $21,000 at the beginning of their bankruptcy to a current value of $56,000. She stated that this was necessary to make the store a viable business. The store is well-located, and she believes that sales should be good this holiday season. She testified that she has paid $17,000 in post-petition taxes, and $40,000 in pre-petition taxes since the case was filed. She was ill in August of 2010 and was unaware of unpaid sales taxes for that month.

After the evidentiary hearing, Debtors filed a motion to modify their plan and a proposed modified plan, which includes promises to make installment payments to the OTC for post-petition taxes and to pay all post-petition taxes by January 15, 2011 (Docket Entries 115 and 116). The Trustee has filed his Objection to Confirmation (Docket Entry 123 ). The confirmation hearing is set for December 9, 2010.

<u>CONCLUSIONS OF LAW</u>

A decision to convert a case pursuant to 11 U.S.C. § 1307(c) is a matter of discretion for the bankruptcy court. The decision should be made for cause, considering what is in the best interests of creditors and the estate. *In re Lundahl*, 307 B.R. 233 (Bankr. D. Utah 2003). In this case, Trustee suggests that Debtor has materially defaulted with respect to a term of a confirmed plan, which constitutes cause for conversion under § 1307(c)(6).

At this time, the Court cannot agree that Debtors are in material default or that it is in the best interest of creditors or the estate to convert this case to Chapter 7. The Debtors are current with plan payments and have made substantial progress in paying pre-petition taxes. Debtors are twenty-five months into their sixty-month plan. Although they have not lived up to the Agreed Order to pay all

post-petition taxes, they have made an attempt to catch up. Debtors are entering the busiest time of the year for their business, and factors such as the store's good location, lack of competition, and sufficient inventory level indicate that the store is poised to record sizeable profits by year's end. The Court also believes that the Debtors' experience in this business makes it likely that they will generate more sales and profits than if a Chapter 7 trustee steps in to operate the store or liquidate the inventory. Thus, the Court finds that it is in the best interest of creditors to allow these Debtors to remain in Chapter 13 at this time to maximize the potential that exists in November and December to generate enough income to become current on post-petition taxes, while remaining current with plan payments and their mortgage payment.

However, the Court recognizes that Debtors have been down this road before, without success. This is the third motion to dismiss or convert filed in this case. The Court is skeptical regarding Mrs. Morrison's explanation of where all the income from the liquor store is being spent, and agrees with the Trustee that store receipts would indicate that Debtors should be paying more towards post-petition taxes. The Court also agrees with the Trustee that Debtors' record keeping is less than satisfactory; thus, it is difficult to accurately monitor Debtors' finances regarding the liquor store. For these reasons, the Court finds that conditions must be attached to this decision to ensure that Debtors fulfill their obligations under the terms of the plan and this Order. Therefore, this Court directs that Debtors shall become current on all post-petition tax obligations by January 15, 2011. If Debtors fail to comply, the Trustee shall notify this Court and submit to the Court either an order of conversion to Chapter 7 or an order of dismissal. The Court shall then enter the requested order without further notice or hearing. Debtors shall remain current on all post-petition tax obligations or be subject to conversion or dismissal without further notice upon submission of an order from the

Chapter 13 Trustee.

IT IS THEREFORE ORDERED that Trustee's Motion to Convert to Chapter 7 (Docket Entry 98) is **denied.**

IT IS FURTHER ORDERED that Debtors shall pay all post-petition tax liabilities, including interest, on or before January 15, 2011. Thereafter, Debtors shall timely pay and remain current on all post-petition tax obligations, and shall timely file all required post-petition tax returns during the pendency of their Chapter 13 bankruptcy case. Payment of said taxes with interest shall be made directly to the taxing authority.

IT IS FURTHER ORDERED that Debtors shall provide proof of payment of post-petition taxes to the Chapter 13 Trustee and to this Court as those payments are made.

IT IS FURTHER ORDERED that should Debtors fail to comply with the terms of this Order, the Chapter 13 Trustee shall submit a proposed order of conversion to Chapter 7 or a proposed order of dismissal, whichever is preferred by the Chapter 13 Trustee.

IT IS FURTHER ORDERED that failure to comply with the terms of this Order shall result in the entry of an order of conversion to Chapter 7 or an order of dismissal without further notice or hearing.

###