**Dated: May 26, 2011**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
MIQUEL THOMAS MORRISON            Case No. 08-81186-TRC
HOLLYE JAN MORRISON,              Chapter 13

           Debtors.

ORDER DENYING MOTION TO CONVERT TO CHAPTER 7
AND SETTING DEADLINE FOR PAYMENT OF TAXES

       On May 19, 2011, there came on for evidentiary hearing Trustee's Affidavit in Support of Order of Conversion (Docket Entry 164). Appearing before this Court were Richard W. Walden for Standing Chapter 13 Trustee William Mark Bonney, Jimmy Veith for Debtors, William Mark Bonney, Standing Chapter 13 Trustee, and Leisa Gebetsberger, Attorney for the Oklahoma Tax Commission. At the conclusion of the hearing, the Court took this matter under advisement. The Court herein enters its findings of fact and conclusions of law in conformity with Fed. R. Bankr. P. 7052. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). It is this Court's determination that conversion to Chapter 7 should be denied at this time, but Debtors shall be directed to pay the balance due on

post-petition taxes as of April 30, 2011, on or before June 30, 2011. Should Debtors fail to comply with the terms of this Order as directed, the Court may dismiss or convert this case to Chapter 7 without further notice or hearing.

## FINDINGS OF FACT

Debtors own and operate the Good Spirits Liquor Store in Ardmore, Oklahoma. Mrs. Morrison is the manager of the store, which employs four (4) other persons. Mr. Morrison works full-time for the Plainview School District in the maintenance department and as a bus driver. Debtors filed this bankruptcy on September 9, 2008, after accruing significant tax debt. Their original Chapter 13 Plan was confirmed on January 20, 2009, and provided for payments in the amount of $42,379.81 to be made to the Oklahoma Tax Commission ("OTC").

The Trustee filed a Motion to Convert to Chapter 7 on September 22, 2010 (Docket Entry 98), alleging that Debtors had failed to properly manage their business post-petition, and had not paid all sales taxes due, a breach of their earlier agreement with the Trustee and OTC. Debtors filed an Objection (Docket Entry 107). On November 4, 2010, this Court held an evidentiary hearing on that Motion and Objection. At that hearing, the evidence established that Debtors owed the OTC post-petition sales taxes of approximately $41,000, including interest and penalties, and that Debtors had paid approximately $9,000 towards the post-petition taxes. This Court entered an Order Denying the Trustee's Motion to Convert and directed Debtors to pay all post-petition tax liabilities, including interest, on or before January 15, 2011. This Court also ordered Debtors to timely pay and remain current on all post-petition tax obligations, and timely file all required post-petition tax returns during the pendency of their Chapter 13 bankruptcy case (Docket Entry 130). Debtors were informed that failure to abide by the terms of this Order could result in the immediate dismissal or

conversion of their case.

Thereafter, the Trustee filed an Affidavit reciting that Debtors had failed to stay current on post-petition taxes and requested that this Court enter an order converting the case to a Chapter 7. This Court chose to hear evidence regarding the matter and determine whether Debtors had complied with any of the terms of its previous Order. Leisa Gebetsberger, attorney for the OTC, testified that as of May 18, 2011, Debtors owed post-petition sales taxes of $ 11,341.07. With interest and penalties the total owed rises to $ 12,807.31. Checks for taxes due from February, March and April were returned for insufficient funds. Mrs. Gebetsberger advised the Court that the Debtors did become current on their taxes as of January 15, 2011, as previously ordered by the Court. She also stated that in her opinion, the Debtors intended to pay their taxes but that their history indicates it is unlikely they will get current and stay current.

Mrs. Morrison testified that Debtors have paid $ 71,000 to creditors since filing bankruptcy. She acknowledged that Debtors were not in total compliance with this Court's previous Order but advised that she had made arrangements for her accountant to take on greater responsibilities for financial matters at the store so that the separate bank account for payment of sales taxes would have sufficient funds to pay the taxes owed to OTC. She admitted that Debtors had spent $5,000 to purchase a second vehicle without obtaining approval from this Court. Mrs. Morrison stated that the store was generating approximately $60,000 a month in gross sales, and that she expected strong sales over the upcoming Memorial Day weekend, Fourth of July holiday, and Labor Day weekend. Photographs of the store were admitted into evidence. These photos depicted a shortage of inventory. Mrs. Morrison stated that the photos were taken as they were preparing to restock the shelves, that inventory levels were adequate during February through April, and that the store is now

fully stocked. She also stated that Debtors paid approximately $10,000 in taxes due to the IRS on April 18, 2011.

## CONCLUSIONS OF LAW

A decision to convert a case pursuant to 11 U.S.C. § 1307(c) is within the sound discretion of the bankruptcy court. *In re Gilchrist*, 309 B.R. 404 *2 (Table) (10th Cir. BAP 2004), citing *In re Armstrong,* 303 B.R. 213 (10th Cir. BAP 2004). The decision should be made for cause, considering what is in the best interests of creditors and the estate. *See In re Lundahl*, 307 B.R. 233 (Bankr. D. Utah 2003). In this case, the Trustee requests conversion based upon Debtors failure to stay current on post-petition tax liabilities, which constitutes a material default under their plan, and cause for conversion under § 1307(c)(6).

Although Debtors certainly have failed to abide by all of the terms of their previous agreements with the Trustee and the orders of this Court, the Court does not believe that cause exists to convert their case. The Court believes that it is still in the best interest of creditors and the estate to keep this case in Chapter 13. Creditors, particularly the OTC, will be better served by these Debtors staying in business so that they may generate income with which to pay off their debt. The Court notes that Debtors are current with their plan payments and, in spite of lapsing behind on their taxes since February of 2011, they have made substantial progress in paying pre- and post-petition taxes. In November of 2010, Debtors were approximately $ 41,000 in arrears on post-petition taxes. As of May 18, 2011, they owed approximately $ 12,000. Debtors are half-way through their sixty-month plan. They have taken the additional step of turning over all bookkeeping duties to their accountant to ensure that sufficient funds are available to pay their sales taxes as they become due. They did comply with this Court's previous order to become current on their post-petition sales taxes

by January 15, 2011. And, the Court is aware that this is a somewhat seasonal business. Several holidays will occur in the next three months, leading the Court to believe that Debtors can become current on their post-petition taxes, and stay current on plan payments and their mortgage payment. To this Court, allowing Debtors to continue in business and in Chapter 13 is a better option than conversion and liquidation. The Court continues to believe that keeping these experienced Debtors in business will generate more sales, profits, and payments to creditors than would a conversion and liquidation through a Chapter 7. Thus, once again, the Court finds that it is in the best interest of creditors to allow these Debtors to remain in Chapter 13 at this time.

However, the Court's patience is wearing thin. It remains skeptical regarding the expenses being paid out of store receipts by the Debtors. Mrs. Morrison offered no explanation or rebuttal to the Trustee's testimony that the store is generating sufficient income to pay post-petition taxes and stay current on all bills. Nor did she explain why sufficient funds were not deposited into the bank account used to pay sales taxes. Based upon their monthly reports and store receipts, Debtors should be able to stay current on their sales taxes. The Court shares the frustrations of the Trustee and the OTC that these Debtors fail to abide by all of the rules of bankruptcy. Debtors have established a pattern of coming up with cash when faced with the dire consequence of losing their store, then resting on their laurels and falling behind once again. For these reasons, the Court finds that conditions must be attached to this decision to ensure that Debtors fulfill their obligations under the terms of the Plan and this Order.

This Court directs that on or before June 30, 2011, Debtors must cure their delinquencies and become current on all OTC taxes accrued through May 31, 2011. All previous orders entered by this Court shall remain in force and effect. Failure to comply with any order of this Court may result in

dismissal or conversion without further notice.

IT IS THEREFORE ORDERED that Trustee's request for an Order of Conversion to Chapter 7 is **denied.**

IT IS FURTHER ORDERED that on or before June 30, 2011, Debtors shall pay all post-petition sales taxes, including interest, accrued as of May 31, 2011, to the Oklahoma Tax Commission.

IT IS FURTHER ORDERED that failure to comply with the terms of this Order or previous orders of this Court may result in the entry of an order of conversion to Chapter 7 or an order of dismissal without further notice or hearing.

###